United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOSEPH HATHORN NUCCIO,
Plaintiff,

v.

ROB BONTA, and others,
Defendants.

Case No. 26-cv-05053-NC

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS THE COMPLAINT WITHOUT LEAVE TO AMEND**

Re: ECF 11

Before the Court is Defendants' Rob Bonta, Barry Miller, and Brian Harmon's Motion to Dismiss Plaintiff's complaint. Plaintiff, who is in custody, alleges that the Court should order Defendants to search for an unproduced and unaccounted for laboratory record trail related to his murder conviction. ECF 1. Defendants argue the complaint is barred by the *Rooker-Feldman* doctrine and *Younger* abstention, fails to state a claim for relief, and that sovereign immunity prevents suit against the Defendants. ECF 11. This Order assumes the reader's familiarity with the facts, the applicable legal standards, and the arguments made by the parties. Because the Court finds that the *Rooker-Feldman* doctrine applies, the Court GRANTS Defendants' Motion to Dismiss without leave to amend.

## I. REQUEST FOR JUDICIAL NOTICE

Defendants request that the Court take judicial notice of two exhibits: (1) San

United States District Court
Northern District of California

Joaquin County Supervising Deputy District Attorney Robert Himelblau's declaration from March 7, 2023, in *The People of the State of California v. Joseph Hathorn Nuccio*, San Joaquin County Superior Court Case No. FMISC-2021-0006365; and (2) the Petition for Writ of Habeas Corpus, Memorandum of Points and Authorities filed on February 28, 2025, in *In re Joseph Hathorn Nuccio*, Petitioner, On Habeas Corpus, California Court of Appeal, Third Appellate District, Case No. C103150. ECF 11-1.

The Court may take judicial notice of the existence of court filings. *See Holder v. Holder*, 305 F.3d 854, 866 (9th Cir. 2002) (taking judicial notice of opinion and briefs filed in another proceeding); *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (courts "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (citation omitted). As such, the Court takes judicial notice of the filings.

## II. DISCUSSION

### A. The *Rooker-Feldman* Doctrine Bars Plaintiff's Complaint

The *Rooker-Feldman* doctrine deprives the federal courts of subject matter jurisdiction to hear direct appeals from the judgments of state courts. *Cooper v. Ramos*, 704 F.3d 772, 777 (9th Cir. 2012). The purpose of the doctrine is to "protect state judgments from collateral federal attack." *Doe & Assoc. Law Offices v. Napolitano*, 252 F.3d 1026, 1030 (9th Cir. 2001).

The *Rooker-Feldman* doctrine "bars a district court from exercising jurisdiction not only over an action explicitly styled as a direct appeal," but also "the de facto equivalent of such an appeal." *Noel v. Hall*, 341 F.3d 1148, 1155 (9th Cir. 2003). To determine whether an action functions as a de facto appeal, a court "pay[s] close attention to the relief sought by the federal court plaintiff." *Bianchi v. Rylaarsdam*, 334 F.3d 895, 900 (9th Cir. 2003) (internal quotation marks and citation omitted). An action functions as a de facto appeal when the plaintiff is: "[1] assert[ing] as his injury legal errors by the state court and [2]

see[king] as his remedy relief from the state court judgment." *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1140 (9th Cir. 2004) (citing *Noel*, 341 F.3d at 1163).

To determine whether the *Rooker-Feldman* doctrines applies, "the fundamental and appropriate question to ask is whether the injury alleged by the federal plaintiff resulted from the state court judgment itself or is distinct from that judgment." *Bianchi v. Rylaarsdam*, 334 F.3d 895, 900–01 (9th Cir. 2003) (quoting *Garry v. Geils*, 82 F.3d 1362, 1365 (7th Cir. 1996)). If the injury resulted from the state court judgment itself, *Rooker-Feldman* deprives the district court of jurisdiction. *Bianchi*, 334 F.3d at 901. On the other hand, "[i]f the injury alleged is distinct from [the state court's] judgment, *i.e.*, the party maintains an injury apart from the loss in state court and not 'inextricably intertwined' with the state judgment," *Rooker-Feldman* does not apply. *Bianchi*, 334 F.3d at 901 (quoting *Garry*, 82 F.3d at 1365).

The *Rooker-Feldman* doctrine bars Plaintiff's complaint. First, Plaintiff's injury stems from the state superior court's alleged legal error. The complaint purportedly "challenges the ongoing failure of California's postconviction process, as applied, to provide access to or a sworn accounting for the Requested Richmond DNA Records." ECF 1, Compl., ¶ 32. But that injury resulted from the state court order itself, which denied Plaintiff access to those records. *Rhodes v. Gordon*, No. 12-cv-2863-JGB DTB, 2013 WL 3780378, at *12 (C.D. Cal. July 16, 2013), *report and recommendation adopted*, No. 12-cv-2863-JGB (DTB), 2013 WL 12072123 (C.D. Cal. Sept. 26, 2013), *aff'd*, 616 F. App'x 358 (9th Cir. 2015) (". . . plaintiff's claims can only succeed to the extent that the state court wrongly decided the issues before it and, thus, plaintiff's claims are effectively 'a prohibited appeal of the state-court judgment,' barred by the *Rooker-Feldman* doctrine.").

Second, Plaintiff seeks as his remedy relief from the state court's judgment. In his prayer for relief, Plaintiff requests the Court order Defendants to search for records which he previously asked the state court for, and which the state court quashed. Compl. at 47 (prayer for relief), Exh. C at 124–31, Ex. F at 170. Plaintiff admits that he "repeatedly

invoked California postconviction procedures to obtain or account for the 2001 and OCJP case records," which are the same as those sought here. ECF 12 at 7. Now, because "the State process produced neither the records nor a sworn DOJ/BFS accounting," Plaintiff seeks relief before this Court. *Id.* The gravamen of Plaintiff's complaint requests records which he was allegedly denied in state court, not to invalidate California's postconviction statutes on federal constitutional grounds. *See Skinner v. Switzer*, 562 U.S. 521, 532 (2011) ("Skinner does not challenge the adverse CCA decisions themselves; instead, he targets as unconstitutional the Texas statute they authoritatively construed . . . a state-court decision is not reviewable by lower federal courts, but a statute or rule governing the decision may be challenged in a federal action"); *Morrison v. Peterson*, 809 F.3d 1059, 1070 (9th Cir. 2015) ("Because Morrison does not seek an order that he be allowed DNA testing, but instead seeks to invalidate the DNA testing statute on federal constitutional grounds, his claim is not barred by *Rooker-Feldman*. That is so even though this portion of his challenge is 'as applied.'").

As such, this case is a de facto appeal of the state court judgment barred by the *Rooker-Feldman* doctrine. *Smith v. Hestrin*, No. 16-cv-7097 AG (FFM), 2018 WL 2670670, at *2–3 (C.D. Cal. Mar. 21, 2018), *report and recommendation adopted*, No. 16-cv-7097 AG (FFM), 2018 WL 2670563 (C.D. Cal. May 31, 2018) (where plaintiff sought an order directing release of evidence for DNA testing and to invalidate a portion of Pen. Code § 1405, plaintiff's claim was understood to be a de facto appeal); *see Cooper*, 704 F.3d at 779–81 (holding that it was immaterial that plaintiff had framed his federal complaint as a constitutional challenge to state court's denial of DNA testing; because plaintiff challenged the particular outcome in his state case, the action was barred by *Rooker-Feldman*).

Because Plaintiff cannot cure this deficiency by alleging additional facts, the Court declines to grant leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). Even if the *Rooker-Feldman* doctrine did not bar Plaintiff's complaint, it also fails to state

a claim and is barred by the Eleventh Amendment as discussed below.[1]

**B. The Complaint Fails to State a Procedural Due Process Violation**

To state a violation of 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States by a defendant acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

A prisoner can bring a § 1983 claim on the "slim" ground "that the governing state law denies him procedural due process." *Skinner*, 562 U.S. at 525. Procedural due process "is not an end in itself, so a necessary premise of this argument is that he has an entitlement (what our precedents call a 'liberty interest') to prove his innocence even after a fair trial has proved otherwise." *District Attorney's Office v. Osborne*, 557 U.S. 52, 67, 72–75 (2009) (rejecting freestanding right to DNA evidence "untethered from the liberty interests he hopes to vindicate"); *Morrison*, 809 F.3d at 1065 (same). A prisoner has "a liberty interest in demonstrating his innocence with new evidence under state law." *Osborne*, 557 U.S. at 68; *Morrison*, 809 F.3d at 1065.

However, "when a State chooses to offer help to those seeking relief from convictions, due process does not dictat[e] the exact form such assistance must assume." *Osborne*, 557 U.S. at 69 (citation and quotations omitted). "Federal courts may upset a State's postconviction relief procedures only if they are fundamentally inadequate to vindicate the substantive right provided." *Id.* The question is whether the state's procedure "offends some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental, or transgresses any recognized principle of fundamental fairness in operation." *Id.* (citation and quotations omitted); *Morrison*, 809 F.3d at 1065; *see also Skinner*, 562 U.S. at 530.

Plaintiff has not alleged so much. The complaint states that California's postconviction procedures as-applied to Plaintiff, through habeas corpus and Penal Code §§ 1405, 1054.9, and 1484, "failed to provide a meaningful opportunity to obtain or

[1] The Court notes that *Younger* abstention does not bar Plaintiff's complaint because there is no ongoing state proceeding. *Yelp Inc. v. Paxton*, 137 F.4th 944, 950 (9th Cir. 2025).

account for state-held forensic records that are material to Plaintiff's pending postconviction claims." Compl., ¶¶ 220, 226–32. Plaintiff argues California's procedures "provide no meaningful process requiring the responsible forensic custodian to search, preserve, produce, withhold on lawful grounds, or account for the records . . . while the State's own forensic identifiers point to an unproduced laboratory record trail." ECF 12 at 19–20. But Plaintiff was able to use those procedures to seek the information he asks the Court for now. Compl. ¶¶ 58, 62–65, Exh. C at 124–31, Ex. F at 170; ECF 12 at 7. Simply because the state's procedures did not "result[] in production of the requested DOJ DNA Records and Reports or a sworn DOJ/BFS accounting," ECF 12 at 19, does not render them as offending a principle of justice or transgressing any recognized principle of fairness. *Osborne*, 557 U.S. at 69. Accordingly, the Court finds Plaintiff has failed to state a procedural due process claim.

### C. The Eleventh Amendment Bars Plaintiff's Complaint

"The Eleventh Amendment bars suits which seek either damages or injunctive relief against a state, an 'arm of the state,' its instrumentalities, or its agencies." *Franceschi v. Schwartz*, 57 F.3d 828, 831 (9th Cir. 1995) (citation omitted). Here, Defendants are California Department of Justice employees, which is considered an agency of the state.

State immunity under the Eleventh Amendment is not absolute, however, as there are three exceptions to the rule: (1) Congress may abrogate that immunity pursuant to its lawmaking powers conferred by the United States Constitution, *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 80 (2000); (2) a state may waive its Eleventh Amendment immunity by consenting to suit, *College Sav. Bank Florida v. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 670 (1999); and (3) under the *Ex parte Young* doctrine, immunity does not apply when the plaintiff chooses to sue a state official in his or her official capacity for prospective injunctive relief, *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 73 (1996).

Plaintiff attempts here to avoid the Eleventh Amendment by arguing that the *Ex*

United States District Court
Northern District of California

*parte Young* doctrine does not apply, so the Court will only address that exception.[2] The *Ex parte Young* doctrine provides a narrow exception to Eleventh Amendment immunity for "prospective declaratory or injunctive relief against state officers in their official capacities for their alleged violations of federal law." *Coal. to Defend Affirmative Action v. Brown*, 674 F.3d 1128, 1134 (9th Cir. 2012) (citing *Alden v. Maine*, 527 U.S. 706, 747 (1999); *Ex parte Young*, 209 U.S. 123, 155–56 (1908)). For the exception to apply, it must be clear "that such officer must have some connection with the enforcement of the act, or else it is merely making him a party as a representative of the State, and thereby attempting to make the State a party." *Snoeck v. Brussa*, 153 F.3d 984, 986 (9th Cir. 1998). "This connection must be fairly direct; a generalized duty to enforce state law or general supervisory power over the persons responsible for enforcing the challenged provision will not subject an official to suit." *L.A. Cty. Bar Ass'n v. Eu*, 979 F.2d 697, 704 (9th Cir. 1992).

Plaintiff claims procedural due process violations resulting from California's postconviction procedures, but has not alleged that Bonta, Miller, or Harmon are responsible for those procedures. Instead, Plaintiff has sued three officials who have general supervisory power (the attorney general, Bureau of Forensic Services director, and Laboratory Director) and do not have any connection to enforcement of those postconviction procedures. *See, e.g.*, *Masters v. Becerra*, No. 19-cv-02030-MWF-AGRx, 2019 WL 4543103, at *2 (C.D. Cal. June 18, 2019), *aff'd*, 841 F. App'x 1 (9th Cir. 2021) (recognizing that "[w]hile [the California attorney general] does have a general duty to enforce California law, that duty is far too attenuated and does not fall under the exception set forth in *Ex parte Young*"); *Long v. Van de Kamp*, 961 F.2d 151, 152 (9th Cir. 1992) (general supervisory powers of the attorney general are insufficient to establish the required connection with enforcement). An injunction against these Defendants would not

[2] Regardless, California has not consented to suit in federal court. *See BV Eng'g v. Univ. of Cal., L.A.*, 858 F.2d 1394, 1396 (9th Cir. 1988); *Dittman v. California*, 191 F.3d 1020, 1025–26 (9th Cir. 1999) ("California has not waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court").

"end a continuing violation of federal law" because the real suit is against the state and its' postconviction policies. *Seminole Tribe of Fla.*, 517 U.S. at 73. Thus, the Eleventh Amendment bars Plaintiff's complaint.

**III. CONCLUSION**

Accordingly, the Court GRANTS Defendants' Motion to Dismiss without leave to amend.

**IT IS SO ORDERED.**

Dated: October 30, 2026

NATHANAEL M. COUSINS
Chief United States Magistrate Judge